IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| JAMES M. HURLEY | ) |
| | ) |
| vs. | )   CIVIL ACTION NO. _____ |
| | ) |
| UNUM LIFE INSURANCE COMPANY | ) |
| OF AMERICA | ) |

## PLAINTIFF'S ORIGINAL COMPLAINT

JAMES M. HURLEY (Plaintiff) files this Plaintiff's Original Complaint against UNUM LIFE INSURANCE COMPANY OF AMERICA (Defendant), and would show unto the Court the following:

1. Plaintiff is an individual who bought a disability income policy from Defendant. He resides at 701 E. Olive Street, Texarkana, Bowie County, Texas.

2. Defendant is a foreign insurance company licensed to do business in Texas and who issued the disability income policy, Policy No. LAD048051 (Policy), to Plaintiff.

### Jurisdiction and Venue

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. 1332.

4. Venue is proper in this district pursuant to 28 U.S.C. 1391(b).

### Factual Background

5. In 1988 Plaintiff purchased the disability income policy from Defendant. Plaintiff paid premiums on that policy continuously since its inception.

6. Plaintiff 's insured occupation is as an interventional cardiologist.

7. Plaintiff suffers from a medical condition that prevents him from performing the duties of his occupation. Therefore, under the terms of the policy he is totally disabled.

8. Plaintiff's medical condition was caused by an accident that occurred during surgery on his eye.

9. The policy provides that if the medical condition is caused by an accident Defendant will pay Plaintiff lifetime benefits. But if the medical condition is caused by a sickness Defendant will only pay twenty-four (24) months of total disability benefits.

10. Plaintiff's treating doctor determined that the medical condition was caused by accident and so informed Defendant. Defendant's independent medical evaluation confirmed the medical condition was caused by an accident. Defendant's in-house doctor opined that the medical condition was caused by an illness or was spontaneous and thus caused by a sickness.

11. Defendant paid total disability income benefits under the policy for 24 months.

12. Defendant denied Plaintiff's claim for lifetime benefits.

13. Plaintiff appealed Defendant's decision to deny lifetime benefits.

14. Defendant again denied Plaintiff's appeal.

15. Plaintiff once again appealed Defendant's denial of Plaintiff's lifetime benefits.

16. Defendant once again denied Plaintiff's appeal.

17. Plaintiff has complied with all requirements of Defendant's administrative procedure set out in the policy.

18. Plaintiff was and is totally disabled based upon the definition of total disability in the policy.

19. All prerequisites to filing this lawsuit have been met.

**Request for Relief**

**COUNT ONE - BREACH OF CONTRACT**

20. Defendant's conduct as set forth above constitutes a breach of contract. Defendant failed to comply with its contractual obligations to Plaintiff. Plaintiff and Defendant entered into a contract for disability income benefits to be paid for Plaintiff's lifetime in the event of total disability caused by an accident. As a proximate result of Defendant's conduct Plaintiff has suffered actual damages for which Plaintiff sues Defendant for an amount in excess of $75,000.00.

21. Defendant's conduct was a producing cause of actual damages suffered by Plaintiff for which Plaintiff brings suit. Plaintiff additionally brings suit for recovery of reasonable and necessary attorney's fees under § 38.001 et seq. of the Texas Civil Practice & Remedies Code.

**COUNT TWO - VIOLATIONS UNDER THE
TEXAS DECEPTIVE TRADE PRACTICES ACT**

22. In the alternative and without waiving any other causes of action this suit is brought pursuant to § 17.41 et seq. of the Texas Business & Commerce Code, commonly known as the Deceptive Trade Practices - Consumer Protection Act, or DTPA, and § 541.151 of the Texas Insurance Code.

23. Defendant was given notice in writing of the claims made in this complaint, including a statement of Plaintiff's economic damage and expenses, including attorney's fees, before this suit was filed as required by § 17.505(a) of the Texas Business & Commerce Code. All conditions precedent and necessary to maintain this action have been performed or have occurred.

24. This suit arises out of the acts and events as described in paragraphs 5 through 19 above. Plaintiff purchased a disability income policy from Defendant. In purchasing the policy Defendant represented the policy would cover him in the event of a long-term disability caused by an accident. Defendant further represented that the disability income benefits would be paid for

Plaintiff's lifetime. However, after Defendant denied Plaintiff's claim for benefits, Plaintiff determined that the representations made by Defendant were false. Defendant's conduct violates §17.46(b) of the Texas Business & Commerce Code. Specifically, Defendant engaged in the following false, misleading, or deceptive acts, or practices under §17.46(b) of the Texas Business & Commerce Code:

(a) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or qualities that they do not have or that a person has a sponsorship, approval, status, affiliation or connection which he or she does not have;

(b) Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model if they are of another;

(c) Representing that an agreement confers or involves rights, remedies or obligations that it does not have or involve, or that are prohibited by law; and

(d) Failing to disclose information concerning goods or services that was known at the time of the transaction, which was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed.

25. Defendant's conduct was a producing cause of actual damages suffered by Plaintiff for which Plaintiff brings suit for economic damage. The actual damages incurred by Plaintiff include the value of the reasonable and necessary total lifetime disability benefits not paid by Defendant.

26. Plaintiff relied on Defendant's deceptive acts or practices to Plaintiff's detriment in that Plaintiff paid premiums on the policy for over 15 years.

27. Defendant's conduct was a producing cause of actual damages suffered by Plaintiff in that Plaintiff lost or has not been paid lifetime benefits under the policy.

28. Plaintiff further alleges that the above conduct of Defendant was committed knowingly in that Defendant knew that it would use in-house employee doctors to dispute claims of total disability and lifetime benefits. Therefore, in addition to actual damages, Plaintiff seeks to recover damages as found by the trier of fact, and up to three (3) times the amount of actual damages.

### COUNT THREE - VIOLATIONS OF THE TEXAS INSURANCE CODE

29. This suit is also brought pursuant to §541.151 et seq. of the Texas Insurance Code. Defendant was given notice in writing of the claims made in this petition including a statement of Plaintiff's economic damages, expenses, and attorney's fees before this suit was filed as required by §41.154 of the Texas Insurance Code. All conditions precedent and necessary to maintain this action have been performed or have occurred.

30. Defendant engaged in the following false, misleading, or deceptive acts, or practices pursuant to §541.060(a) of the Texas Insurance Code:

    (1) Misrepresenting to a claimant a material fact or policy provision relating to coverage at issue.

31 Defendant's conduct was a producing cause of actual damages suffered by Plaintiff for which Plaintiff sues for economic damages. The actual damages incurred by Plaintiff include the reasonable and necessary lifetime total disability benefits denied by Defendant.

### Attorney's Fees

32. Plaintiff respectfully requests that the Court award him necessary and reasonable attorney's fees pursuant to §38.01 et seq. of the Texas Civil Practice & Remedies Code, §17.50(d) of the Texas Business and Commerce Code, or § 541.1529(a)(1) of the Texas Insurance Code.

## Prayer for Relief

WHEREFORE, PREMISES CONSIDERED, JAMES M. HURLEY, Plaintiff, respectfully requests that UNUM LIFE INSURANCE COMPANY OF AMERICA, Defendant, be cited to appear and that Plaintiff be awarded judgment against Defendant for actual damages, statutory treble damages, pre-judgment interest, post-judgment interest, costs of court, attorney's fees, and any other further to relief at law or in equity to which Plaintiff may show himself to be entitled.

Respectfully submitted,

/s/ *John R. Mercy*
John R. Mercy
Texas State Bar No. 13947200
W. David Carter
Texas State Bar No. 03932780
MERCY✯CARTER, L.L.P.
1724 Galleria Oaks Drive
Texarkana, TX  75503
Telephone:  (903) 794-9419
Facsimile:   (903) 794-1268
E-mail:  jmercy@texarkanalawyers.com

ATTORNEYS FOR PLAINTIFF